UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81118-BLOOM/Valle

BRIAN FETTNER, and
ELEVATE FOOTBALL, LLC,

    Plaintiffs,

v.

JORDAN REED,

    Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Remand, ECF No. [11] ("Motion" or "Mot."), based on untimely removal pursuant to 28 U.S.C. § 1146. The Motion also seeks attorney's fees for improper removal as governed by 28 U.S.C. § 1447(c). *See id.* Plaintiffs Brian Fettner and Elevate Football, LLC (together, "Plaintiffs"), originally filed this action on December 29, 2015, in the Fifteenth Judicial Circuit Court of Florida, in and for Palm Beach County. *See* Case No. 502015CA014400XXXXMB. The underlying complaint seeks damages against Defendant Jordan Reed ("Defendant") for failure to repay monies lent to him by the Plaintiffs.[1] *See generally* ECF No. [11-1] ("Complaint" or "Compl."). On June 24, 2016, Defendant filed a Notice of Removal, ECF No. [1] ("Notice of Removal"), to District Court, premised upon diversity jurisdiction. The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Plaintiffs' Motion to Remand is

---

[1] Fettner seeks monetary damages from Defendant related to a promissory note made by Reed on March, 2013 (hereinafter the "March 5th Note") and monies lent to him. Elevate seeks damages from Reed for the breach of two promissory notes (lines of credit) made by Reed, one promissory note on February 5, 2014 (hereinafter the "February 5th Note") and the other promissory note on April 1, 2014 (hereinafter the "April 1st Note") and monies lent to him. There are alternative claims brought by Plaintiffs for unjust enrichment.

granted.

### I. Legal Standard

"It is axiomatic that federal courts are courts of limited jurisdiction." *Ramirez v. Humana, Inc.*, 119 F. Supp. 2d 1307, 1308 (M.D. Fla. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Removal to federal court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a). The removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 5 (2003).

The procedure for removal is governed by 28 U.S.C. § 1146. Generally, a notice of removal "shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Except in cases where removal is based on diversity of citizenship, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(2).

"Courts have held that responses to request for admissions, settlement offers, and other correspondence between parties can be 'other paper' under 28 U.S.C. § 1446(b)." *Wilson v. Target Corp.*, -- F. Supp. 2d --, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010) (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007) (discussing the judicial development of the term "other paper"); *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989) (finding that response to requests for admissions constituted "other paper")).

Where jurisdiction is not absolutely clear, the Eleventh Circuit favors remand. *See Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (stating that removal statutes should be construed narrowly, and all doubts resolved in favor of remand). In meeting its burden, a defendant must provide facts justifying removal. *See Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001) (remanding where health insurer failed to provide proof in support of removal). A defendant seeking late removal on the basis of "other papers" bears the heightened burden of proving that "the case 'has become removable' due to changed circumstances." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 760 (11th Cir. 2010) (citing 28 U.S.C. § 1446(b)) ("Although the second paragraph of § 1446(b) offers an additional avenue for removal, that road is not an easy one for defendants to travel."). "Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery*, 483 F.3d at 1215.

**II. Analysis**

The pleadings in this case establish that Reed was served with the instant Complaint on January 6, 2016, *see* [11-2], and waited until June 24, 2016 – almost six months after initial service of the Complaint – to file his Notice of Removal in this Court. Accordingly, the Court must determine which document, whether the Complaint or other paper, triggered the thirty-day

removal period prescribed by § 1446(b)(1) – that is, which document provided notice to Defendant that the amount in controversy in this action "exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a).

As noted above, "[w]hen determining if the defendant has satisfied this burden to establish jurisdiction by a preponderance of the evidence, the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." *Pretka*, 608 F.3d at 754 (quoting 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010)) (alterations adopted). In *Pretka*, the Eleventh Circuit instructed that district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010); *see Maiz v. Virani,* 253 F.3d 641, 664 (11th Cir. 2001) ("Suffice it to say that while damages may not be determined by mere speculation or guess, it will be enough if the evidence shows the extent of the damages as a matter of just and reasonable inference.") (quoting *G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1539 (11th Cir. 1985)).

The Complaint here, on its face, asserts allegations that demonstrate unequivocally that the amount in controversy exceeded the jurisdictional amount needed for diversity jurisdiction:

In the General Allegations, it is alleged:

11. As of the filing of this Complaint, the principal balance of $150,000.00 . . . under the March 5th Note.

17. As of the filing of this Complaint, the principal balance of $105,000.00 . . . under the April 1st Note.

> As to Court I, it is alleged:
>
> 29. Defendant owes Plaintiff Fettner the following amounts under the March 5th Note: (a) the principal sum of $150,000.00. . . .[2]
>
> As to Count III, it is alleged:
>
> 57. Defendant owes Plaintiff Elevate the following amounts under the April 1st Note: (a) the principal sum of $105,000.00. . . .[3]
>
> As to Count IV, it is alleged:
>
> 64. Defendant owes Plaintiff Fettner the sum of $150,000.00 plus interest since March 5, 2013. . . .[4]
>
> As to Count VI, it is alleged:
>
> 74. Defendant owes Plaintiff Elevate the sum of $105,000.00 plus interest since April 1, 2014. . . .[5]

*Id.* In addition to the forgoing, Plaintiffs' default notice to Reed, which noted that Defendant was in default under the certain notes, and that he owed $381,717.00, was attached to the Complaint and incorporated therein.[6]

Somehow Defendant, faced with these same facts, contends that his untimely removal is proper as he was unable to ascertain that the amount in controversy exceeded the jurisdictional requirements of this Court until sometime after the appearance of his current Counsel, Darren Heitner, Esq., on May 17, 2016, three-and-a-half months following the appearance of

---

[2] The "Wherefore" clause for Count I states that Fettner demands a monetary judgment against Reed under the March 5th Note in the amounts set forth above, i.e., the principal sum of $150,000.00.

[3] The "Wherefore" clause for Count III states that Plaintiff Elevate demands a monetary judgment against Reed under the April 1st Note in the amounts set forth above, i.e., the principal sum of $105,000.00.

[4] The "Wherefore" clause for Count IV states that Plaintiff Fettner demands a monetary judgment against Reed in the amounts set forth above, i.e., $150,000.00 plus interest since March 5, 2013.

[5] The "Wherefore" clause for Count VI states that Plaintiff Elevate demands a monetary judgment against Reed in the amounts set forth above, i.e. $105,000.00 plus interest since April 1, 2013.

[6] The alternative unjust enrichment claims also make it facially apparent that the amount sought by Plaintiffs exceeds the jurisdictional amount of this Court. *See* Compl. ¶¶ 77, 79, 80, 93, 95, 96; and the "Wherefore" clauses for Counts VII and IX.

Defendant's first counsel in the State Court Action.[7] In fact, Defendant repeats this position in his Response, ECF No. [20] ("Response" or "Resp."), and his Removal Status Report, ECF No. [9], in which he contends that "the instant action was properly removed in accordance with 28 U.S.C. § 1446(b)(3) due to the fact undersigned counsel, upon being retained and talking to opposing counsel and conducting due diligence, was able to ascertain the actual amount of controversy exceeded the jurisdictional requirement needed to assert diversity jurisdiction." *Id.* § 6; *see* Resp. at 20 ("In the Complaint, Plaintiff fails to allege a specific amount of damages, as paragraph 2 of Plaintiffs' Complaint simply states, 'This is an action for damages in excess of $15,000.00, exclusive of interest, attorneys' fees, and costs.'"). But, "a district court does not measure the amount in controversy by a plaintiff's statement of his minimal damage expectations, but rather by 'a reasonable reading of the value of the rights being litigated.'" *Id.* at 1063 (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993));

Defendant's argument, which eschews a reasonable reading of the value of rights being litigated in the Complaint in favor of cherry-picking convenient paragraphs therein, is not well-taken. Indeed, correspondence attached to Plaintiffs' Motion between Counsel for Plaintiffs and Counsel for Defendant[8] reveals that Reed does not even buy his own position. Specifically, Counsel for Defendant conceded that "[u]nfortunately, prior counsel had not conducted proper diligence into the matter and was unable to determine the amount at issue." ECF No. [11-4] (letter from Defendant's Counsel, dated July 13, 2016, or "Ex. D"). The Court need go no further. Plaintiffs submit that removal is untimely. Reed – though swearing to the opposite

---

[7] "Within the past thirty (30) days, I received a receipt for a Porsche in the amount of $85,000.00. I asked my client for any documentation regarding same after reviewing discovery requests served by Mr. Derek Schwartz, Esq. that asked for information concerning a Porsche. It was then that it occurred to me that Plaintiffs may believe that they are entitled to repayment for their purchase of the vehicle." Ex. D at 2.
[8] On July 13, 2016, Counsel for Plaintiffs requested that Defendant withdraw the Notice of Removal to allow for remand back to State Court. *See* ECF No. [11-9]. On the same date, Defendant responded, declining to comply with Plaintiffs' request.

representation in his filings before this Court – also appears to hold the belief that removal is untimely. *See id.* The Court will defer to this understanding between the parties as no justiciable controversy exists under these facts as to the propriety of removal.

The only remaining question requiring resolution, therefore, is whether Plaintiffs are entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) on the grounds that Defendant's removal was entirely without merit. Section 1447(c) provides that an order remanding a case to the state court "may require payment of just costs and any actual expenses, including attorney's fees incurred as a result of the removal." 28 U.S.C. § 1447(c). An award under § 1447(c) is remedial, not punitive, and is designed to compensate the plaintiff when, in the court's discretion, justice so requires. *See id.* Further, such an award "does not require a finding of bad faith on the part of the removing party 'since the intent of § 1447(c) is to reimburse plaintiffs who have incurred expenses in attacking improper removals.'" *Martyak v. Martyak*, 378 F. Supp. 2d 1365, 1369 (S.D. Fla. 2005), *aff'd,* 171 F. App'x 768 (11th Cir. 2006) (alteration adopted).

Notwithstanding the intent of § 1447(c), this case presents a particularly bad set of facts. Reed's removal almost six months after he was served with the underlying Complaint was not only patently improper but also disingenuous. Thus, Defendant clearly "lacked an objectively reasonable basis for seeking removal." *Bauknight v. Monroe County, Fla.,* 446 F.3d 1327, 1329 (11th Cir. 2006). As such, Plaintiffs will be awarded their "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Watson v. Carnival Corp.*, 436 F. App'x 954, 956 (11th Cir. Aug, 5, 2011) (awarding attorneys' fees where removing party lacked an objectively reasonable basis for seeking removal).

## V. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, **ECF No. [11]**, is **GRANTED** as follows:

1. This case is **REMANDED** to the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.

2. All pending motions are **DENIED as MOOT**.

3. The Clerk is **DIRECTED TO CLOSE** this case.

4. The Court will retain jurisdiction solely for the purpose of determining the amount of Plaintiffs' award of fees and costs pursuant to 28 U.S.C. § 1447(c). Plaintiffs shall file an affidavit to this effect **no later than August 5, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 27th day of July, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record