UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-81118-BLOOM/Valle

BRIAN FETTNER, and
ELEVATE FOOTBALL, LLC,

    Plaintiffs,

v.

JORDAN REED,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Affidavit of Aaron Resnick, Esq., ECF No. [25] ("Resnick Affidavit"), filed pursuant to the Court's Order granting Plaintiffs Brian Fettner and Elevate Football, LLC's (together, "Plaintiffs") Motion for Remand, ECF No. [23], (the "Order"). In its Order, the Court also awarded Plaintiffs their just costs and any actual expenses, including attorney fees, incurred as a result of Defendant Jordan Reed's ("Defendant") improper removal of this matter from state court. *See* 28 U.S.C. § 1447(c).

**I. Background**

Plaintiffs originally filed this action in the Fifteenth Judicial Circuit Court of Florida, in and for Palm Beach County. *See* Case No. 502015CA014400XXXXMB. Defendant filed a Notice of Removal, ECF No. [1] ("Notice of Removal) premised upon diversity jurisdiction, and Plaintiffs thereafter filed a Motion to Remand, ECF No. [11] (the "Motion"). Following removal of this matter from state court, and during the time the Motion was pending, the parties engaged in limited motion practice until the Court ultimately issued the Order and awarded fees and costs for the improper removal. *See* Order. To assist in the determination of the appropriate amount

of the award, Plaintiffs were directed to file an affidavit reflecting such reasonable costs. *Id*. Plaintiffs timely complied with the request, submitting affidavits that reflect a total amount of $25,552.20 for 43.2 hours of work by Mr. Resnick and 13.5 hours of work by Derek A. Schwartz, each at a rate of $450.00 per hour, in addition to $32.70 for the cost of retrieving records online from the PACER system. Affidavit of Aaron Resnick, ECF No. [25]; Affidavit of Derek A. Schwartz, Esq., ECF No. [25-2] (together, the "Affidavits"). The Court has carefully reviewed the Affidavits and the record, and is otherwise fully advised.

## II. Legal Standard

In assessing the reasonableness of a request for attorney's fees, courts in the Eleventh Circuit generally apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). First, a district court must determine the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the ligation multiplied by a reasonable hourly rate."); *Cuban Museum of Arts & Culture, Inc. v. City of Miami,* 771 F. Supp. 1190, 1191 (S.D. Fla. 1991) ("[T]his court must begin by calculating the lodestar, the hours reasonably expended by counsel multiplied by a reasonable hourly rate."). "The party who applies for attorney's fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Yarbrough v. Credit Control Servs., Inc.*, No. 09-61136-CIV, 2011 WL 860435, at *9 (S.D. Fla. Feb. 12, 2011), *report and recommendation adopted*, No. 09-61136-CIV, 2011 WL 860431 (S.D. Fla. Mar. 9, 2011) (citing *id.* at 1303). In determining reasonableness, the court is to consider the factors

enumerated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"). Courts have broad discretion to determine what fees are reasonable under the circumstances. *Squire v. Geico Gen. Ins. Co.*, No. 12–23315–CIV, 2013 WL 474705, at *2 (S.D. Fla. Feb. 7, 2013).

### III. Analysis

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. Evidence that the requested rate is in line with the prevailing market rate may consist of opinion evidence or direct evidence of charges by lawyers in similar circumstances. *Id*. The Court may also consider factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing *Johnson* factors). In addition to the *Johnson* factors, the Court may also "consider its own knowledge and experience concerning reasonable and proper fees." *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940) (citations omitted). Here, Plaintiffs did not submit any documentary support, such as other fee awards to their attorneys at the rates documented in the Affidavits.[1]

The Court has considered the relevant *Johnson* factors, reviewed Plaintiffs' counsels' qualifications, the Affidavits, the time records submitted, and the record. Based on this review, and the Court's own judgment and expertise, the Court finds that the hourly rate of $450 per hour

---

[1] The Court will decline Plaintiffs' offer of opinion evidence from their expert, Joshua Spector, as the Court itself is considered to be an expert on the reasonableness of fees and . . . may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell*, 112 F.2d at 144 (internal quotations omitted).

should be further reduced to $350.[2]

Having determined the reasonable hourly rate, the Court next addresses the reasonableness of the number of hours expended by Plaintiffs' counsel. The party seeking fees must supply the Court with "'specific and detailed evidence' in an organized fashion." *Machado v. DaVittorio, LLC*, No. 09–23069–CIV, 2010 WL 2949618, at *1 (S.D.Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303). Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorney's fees. *Hensley*, 461 U.S. at 434. Furthermore, if a court finds the number of hours claimed to be unreasonable, it has two choices: "conduct an hour-by-hour analysis or . . . reduce the requested hours with an across-the-board cut." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir.2008) (citation omitted).

Both of the Affidavits contain significant redactions of billing information and lump together multiple tasks into one billing entry, known as block-billing, making it unclear to which tasks certain entries properly relate. ECF Nos. [25-1], [25-2]. The combination of excessive redactions and block-billing in nearly every time entry by Plaintiffs' counsel makes it difficult for the Court to accurately determine the reasonableness of the hours expended. *See, e.g.*, *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 10-21418-CIV, ECF No. [200], *aff'd*, 492 F. App'x 73 (11th Cir. 2012). However, the Court notes that upon review, most of the redactions relate to billing entries concerning communications between Plaintiffs' counsel or among counsel and the Plaintiffs. *See* ECF Nos. [25-1], [25-2]. Rather than engage in an hour-by-hour review, the Court finds that an across-the-board reduction of 5 hours from each attorney's billed time is appropriate in this case. Therefore, the reasonable number of hours expended by Mr.

---

[2] Plaintiffs' counsel note that they had already reduced the hourly rate from their customary $495. *See* ECF Nos. [25], [25-2].

Case No. 16-cv-81118-BLOOM/Valle

Resnick in this matter is 38.2, and 8.5 hours for Mr. Schwartz, resulting in an adjusted award of fees in the amount of $16,345.00—plus the $37.20 in costs for PACER fees—for a total award of **$16,382.20**.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant shall pay Plaintiffs an award of **$16,382.20**, reflecting an hourly rate of $350.00 and $37.20 in costs.

**DONE AND ORDERED** in Miami, Florida, this 17th day of August, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record